Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ANA M. MALDONADO FLORES<br><br>Apelante<br><br>v.<br><br>ADDECO PERSONNEL SERVICES, INC.<br><br>Apelados | KLAN202400195 | *Apelación*<br>Procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Sobre: Sentencia Declaratoria, Interferencia Torticera, Daños<br><br>Caso Núm.: PO2023CV01237 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

El **1 de marzo de 2024** la señora Ana M. Maldonado Flores (en adelante, señora Maldonado o apelante) presenta ante nos el recurso de apelación donde nos solicita que revoquemos la Sentencia emitida el 19 de septiembre de 2023, notificada el 20 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Ponce, (en adelante, TPI o foro de instancia). Allí, el TPI desestimó con perjuicio la demanda presentada por la señora Maldonado, ya que determinó que hubo un acuerdo transaccional entre las partes.

Inconforme con la desestimación, la apelante presentó una *Urgente Moción para Dejar sin Efecto Sentencia y Reconsideración.* No obstante, el 13 de febrero de 2024, notificada el 14 de febrero de 2024, el TPI emitió una Resolución denegando la misma.

Luego de varios trámites, el **11 de abril de 2024** Adecco Personnel Services, Inc., (en adelante, Adecco o apelado), presentó

su alegato en oposición.

Por lo que examinados los escritos de las partes, resolvemos **revocar** la Sentencia apelada. Veamos los fundamentos.

**-I-**

El **1 de mayo de 2023**, la señora Maldonado presentó una demanda en sentencia declaratoria, interferencia torticera, daños y perjuicios en contra de Adecco.[1]

Tras ser emplazada, Adecco y los representantes legales de la señora Maldonado comenzaron unas conversaciones dirigidas a lograr un acuerdo que diera fin a este pleito.

Con ese propósito, el **6 de julio de 2023** el Lcdo. Juan Felipe Santos le cursó el siguiente correo electrónico a la representación de la apelante:[2]

> **Santos, Juan Felipe (San Juan)**
> Juan.Santos@jacksonlewis.com
> 6 de julio de 2023, 14:36
> Para: bufeteayalacadiz@gmail.com
> Cc: Laurido Soto, Marcia C. (San Juan)
> Marcia.LauridoSoto@jacksonlewis.com
> Nieves, Sonia (San Juan)
> Sonia.Nieves@jacksonlewis.com
>
> *Estimado compañero: Espero se encuentre bien. El 19 de junio tuve una conversación con dos abogados de su oficina en relación al caso de referencia. En la misma extendí una oferta de transacción, sin admitir responsabilidad o violación de ley alguna, que consta en no poner en vigor el acuerdo de no competencia por el resto del término vigente, y así evitarnos el tener que presentar una moción de desestimación de la totalidad de la demanda y litigar el caso innecesariamente. Posteriormente, hablé con usted el 23 de junio para saber el status de su respuesta a la oferta y me informó que se reuniría con su clienta el lunes, 26 de junio y se estaría comunicando conmigo a más tardar el 27 de junio. Como no he recibido comunicación alguna de su parte, intentamos comunicarnos con usted el 29 de junio y hoy 6 de julio, y nos han informado en ambas ocasiones que no está disponible.*
>
> *Como usted sabrá, la alegación responsiva de la Demanda vence el próximo lunes, 10 de julio. El propósito de habernos comunicado con usted de buena fe con suficiente antelación era precisamente evitar tener que incurrir en gastos relacionados al litigio si podíamos disponer del mismo de una manera más eficiente. En un nuevo intento de buena fe, le pido que se comunique conmigo mañana para discutir en detalle la viabilidad de una transacción antes del 10 de julio. De lo contrario, no tendremos alternativa que proceder con la*

---

[1] Apéndice de la Oposición, págs. 1-9.
[2] Apéndice de la Apelante, Exhibits X-A.

*presentación de la moción de desestimación y retirarla oferta de transacción.*
*Cordialmente,*
*Juan Felipe Santos*
*Attorney at Law*

El **10 de julio de 2023**, la representación legal de la señora Maldonado le envió un correo electrónico al Lcdo. Juan Felipe Santos, representante legal de Adecco, en la que le respondió lo siguiente:[3]

**Bufete Ayala Cádiz, CSP**
bufeteayalacadiz@gmail.com
10 de julio de 2023, 12:11
Para Santos, Juan Felipe (San Juan),
Juan.Santos@jacksonlewis.com

*Saludos. Hace un rato una de las secretarias llamó al Bufete. Ella habló conmigo, el Lcdo. Edgar Pérez Durán. Dentro de la situación, responderé esta carta hasta donde más puedo, ya que el Lcdo. Iván A. Ayala Cruz se encuentra muy mal de salud debido a problemas respiratorios, al extremo que desde el viernes tiene problemas para hablar.*

*Aunque soy abogado en la oficina, no tengo autorización para aceptar o rechazar ofertas. Sé que tienen hasta hoy para contestar la demanda y sé que este mensaje es algo tardío. Pido disculpas ante toda esta situación de la salud del Lcdo. Ayala*

*No obstante, vi unas notas del Lcdo. Ayala en el expediente acerca de una reunión reciente con nuestra clienta, y basado en esas notas puedo deducir que la clienta, Ana Maldonado, estaría dispuesta a desistir siempre y cuando se le ofrezca una justa compensación por lo que esta situación le ocasionó. (No olvidemos que esta situación ocasionó que la demandante fuese despedida de su trabajo en MG Staffing Group.)*

*Ante esto, no se [sic] si prefieren presentar una moción de prórroga para contestar la demanda y esperar a dialogar con el Lcdo. Ayala cuando este mejore de salud, o si prefieren contestar la demanda.*

*Cualquier cosa, pueden escribir a este email o comunicarse a la oficina y preguntar por mí, el Lcdo. Edgar Pérez Duran.*

Ese mismo día, el Lcdo. Juan Felipe Santos cursó el siguiente correo electrónico a la representación legal de la señora Maldonado:[4]

**Santos, Juan Felipe (San Juan)**
Juan.Santos@jacksonlewis.com
Para: Bufete Ayala Cadiz, CSP
bufeteayalacadiz@gmail.com
Cc: Nieves, Sonia (San Juan)
Sonia.Nieves@jacksonlewis.com
10 de julio de 2023, 12:21

---

[3] Apéndice de la Apelante, Exhibits X-B.
[4] Apéndice de la Apelante, Exhibits X-C.

*Buenas tardes: Gracias por contestar. Procederemos entonces a pedir una prórroga de 30 días. Le deseamos al Lcdo. Ayala una pronta recuperación. Esperamos entonces a que se comuniquen con nosotros para retomar conversaciones.*
*Muchas gracias.*
*Juan Felipe Santos*
*Attorney at Law*

Así, el **10 de julio de 2023** Adecco presentó una *Moción Asumiendo Representación Legal y Solicitud de Prórroga para Presentar Contestación a Demanda y/o Moción Dispositiva*, en la que anunció su representación legal y solicitó hasta el 9 de agosto de 2023 para contestar la demanda o presentar una moción dispositiva.[5]

El **13 de julio de 2023**, notificada el 17 de julio de 2023, el TPI emitió una Orden, en la que le concedió a Adecco lo solicitado.[6]

El **24 de julio de 2023**, el Lcdo. Juan Felipe Santos cursó un correo electrónico de seguimiento a la representación legal de la señora Maldonado:[7]

> **Santos, Juan Felipe (San Juan)**
> Juan.Santos@jacksonlewis.com
> Para: Bufete Ayala Cadiz, CSP
> bufeteayalacadiz@gmail.com
> Cc: Nieves, Sonia (San Juan
> Sonia.Nieves@jacksonlewis.com
> 24 de julio de 2023, 15:36
>
> *Saludos. Espero se encuentren bien. Dando seguimiento a mi correo electrónico de abajo. Gracias.*
> *Juan Felipe Santos*
> *Attorney at Law*

Ante la falta de respuesta, el **1 de agosto de 2023** el Lcdo. Juan Felipe Santos vuelve a cursar otro correo electrónico de seguimiento a la representación legal de la señora Maldonado:[8]

> **Santos, Juan Felipe (San Juan)**
> Juan.Santos@jacksonlewis.com
> Para: Bufete Ayala Cadiz, CSP
> bufeteayalacadiz@gmail.com
> Cc: Nieves, Sonia (San Juan)
> Sonia.Nieves@jacksonlewis.com
> 1 de agosto de 2023, 10:00
>
> *Saludos: Dando seguimiento a mi email anterior. La prórroga vence en 10 días y necesito saber con tiempo la posición de la*

---

[5] Apéndice de la Oposición, págs. 21-23.
[6] Apéndice de la Oposición, pág. 24.
[7] Apéndice de la Apelante, Exhibits X-D.
[8] Apéndice de la Apelante, Exhibits X-E.

*demandante para sino proceder con la moción de desestimación. Espero por su pronta respuesta. Gracias.*

El **3 de agosto de 2023** la representación legal de la señora Maldonado hace una oferta de transacción al Lcdo. Juan Felipe Santos como parte del proceso de negociación:[9]

> **Bufete Ayala Cadiz, CSP**
> bufeteayalacadiz@gmail.com
> Para: Santos, Juan Felipe (San Juan)
> Juan.Santos@jacksonlewis.com
> Cc: Nieves, Sonia (San Juan)
> Sonia.Nieves@jacksonlewis.com
> 3 de agosto de 2023, 11:39
>
> *Saludos. Este mensaje está relacionado al caso de Ana Maldonado vs. Adecco. Acerca de este caso, por instrucciones del Lcdo. Iván R. Ayala Cruz, informamos que la cliente está dispuesta a transigir su reclamación, en esta etapa de los procedimientos, por la suma de $6,500. Entendemos que dicha oferta es razonable, ya que evitaría seguir incurriendo en gastos, como contratación de peritos, descubrimiento de prueba, vistas, el juicio, etc., además de cubre los sufrimientos y angustias mentales sufridos por la clienta. Como es usual, de aceptar la oferta estaríamos renunciando a cualquier otra reclamación relacionada a los hechos del caso.*
> *De no estar de acuerdo con la suma solicitada, nos puede hacer una contraoferta. Sin nada más por el momento. y esperando su pronta respuesta, quedo.*
> *Att. Lic. Edgar Perez*

En pocos minutos, el Lcdo. Juan Felipe Santos respondió con una pregunta a la oferta propuesta por la representación legal de la señora Maldonado:[10]

> **Santos, Juan Felipe (San Juan)**
> Juan.Santos@jacksonlewis.com
> Para: Bufete Ayala Cadiz, CSP
> bufeteayalacadiz@gmail.com
> Cc: Nieves, Sonia (San Juan)
> Sonia.Nieves@jacksonlewis.com
> 3 de agosto de 2023, 11:42
>
> *Saludos. Esto incluye honorarios de abogado? [sic].*
> *Juan Felipe Santos*
> *Attorney at Law*

A lo que de inmediato la representación legal de la señora Maldonado le respondió en la afirmativa:[11]

> **Bufete Ayala Cadiz, CSP**
> bufeteayalacadiz@gmail.com
> Para: Santos, Juan Felipe (San Juan)
> Juan.Santos@jacksonlewis.com
> 3 de agosto de 2023, 11:50

---

[9] Apéndice de la Apelante, Exhibits X-F.
[10] Apéndice de la Apelante, Exhibits X-G.
[11] Apéndice de la Apelante, Exhibits X-H.

*Sí incluye los honorarios de abogado.*

En horas de la tarde, el Lcdo. Juan Felipe Santos hizo una contraoferta a la representación legal de la señora Maldonado:[12]

> **Santos, Juan Felipe (San Juan)**
> Juan.Santos@jacksonlewis.com
> Para: Bufete Ayala Cadiz, CSP
> bufeteayalacadiz@gmail.com
> 3 de agosto de 2023, 14:39
>
> *Saludos. Mi cliente me ha autorizado a hacer una contraoferta por la cantidad de $4,000, incluyendo honorarios de abogado, sujeto a la firma de un acuerdo confidencial de transacción y relevo general. Espero por su confirmación. Gracias.*

No obstante, el **7 de agosto de 2023** la representación legal de la señora Maldonado le respondió al Lcdo. Juan Felipe Santos con otra oferta:[13]

> **Bufete Ayala Cadiz, CSP**
> bufeteayalacadiz@gmail.com
> Para: Santos, Juan Felipe (San Juan)
> Juan.Santos@jacksonlewis.com
> 7 de agosto de 2023, 9:44
>
> *Saludos. Para ir al grano, debido a la urgencia: se nos autoriza a que la oferta sea de al menos $5,000. El Lcdo. Ayala indica que en esta cantidad se incluye una cantidad más que razonable por concepto de honorarios de abogado. Cabe destacar que ya teníamos planificado que, luego de la contestación de la demanda, tomaríamos alguna deposición y ya había dedicado tiempo a prepararnos para esa posible deposición.*
> *Considerando la urgencia, estaremos pendientes a su respuesta y contestaremos con rapidez de donde nos encontremos.*

Ese mismo día, el Lcdo. Juan Felipe Santos aceptó la oferta hecha por la representación legal de la señora Maldonado como una parte del proceso de transacción y se comprometió a redactar un acuerdo conducente a finiquitar el mismo:[14]

> **Santos, Juan Felipe (San Juan)**
> Juan.Santos@jacksonlewis.com
> Para: Bufete Ayala Cadiz, CSP
> bufeteayalacadiz@gmail.com
> CC: Laurido Soto, Marcia C. (San Juan)
> Marcia.LauridoSoto@jacksonlewis.com
> 7 de agosto de 2023, 10:04
>
> *Buenos días. Mi cliente me ha autorizado a aceptar la oferta. Cuántos cheques hay que hacer y por cuánto las cantidades?*
> ***Voy a preparar el acuerdo de transacción*** *y a pedir una*

---

[12] Apéndice de la Apelante, Exhibits X-I.
[13] Apéndice de la Apelante, Exhibits X-J.
[14] Apéndice de la Apelante, Exhibits X-K.

*prórroga de 10 días en lo que finalizamos este asunto. Saludos.*[15]

Sin más, y a tono con lo antes dicho, el **9 de agosto de 2023** Adecco presentó una *Solicitud de Breve Prórroga para Presentar Estipulación de Desistimiento.* En resumen, solicitó hasta el 23 de agosto de 2023 para completar el proceso de transacción y presentar una estipulación de desistimiento ante el TPI. En lo pertinente, informó lo siguiente:

> *Durante el término concedido por este Honorable Tribunal, las partes entablaron conversaciones transaccionales, con el propósito de finiquitar las controversias entre éstas y ponerle fin al pleito de epígrafe. Como resultado de dichas conversaciones, las partes alcanzaron una transacción. **Sin embargo, a la fecha de hoy, las partes se encuentran en el proceso de finalizar dicho acuerdo**.*[16]

El **10 de agosto de 2023**, notificada el 14 de agosto de 2023, el TPI emitió una Orden, en la que concedió hasta el 23 de agosto de 2023 para presentar la estipulación de desistimiento.[17]

El **16 de agosto de 2023**, la representación legal de la señora Maldonado le cursó un correo electrónico al Lcdo. Juan Felipe Santos urgiendo comunicarse con este acerca de una situación en este caso:[18]

> **Bufete Ayala Cadiz, CSP**
> bufeteayalacadiz@gmail.com
> Para: Santos, Juan Felipe (San Juan)
> Juan.Santos@jacksonlewis.com
> 16 de agosto de 2023, 9:41
>
> *Saludos. Voy al grano: Soy el Lcdo. Edgar Pérez. Hemos hablado de este caso. **Necesito hablar urgentemente acerca de una situación en el caso**. Puede llamar al número de la oficina. 787-842-5204 y preguntar por mi. [sic].[19] Gracias y disculpas de antemano.*

Ese mismo día, el Lcdo. Juan Felipe Santos le respondió a la representación legal de la señora Maldonado:[20]

> **Santos, Juan Felipe (San Juan)**
> Juan.Santos@jacksonlewis.com
> Para: Bufete Ayala Cadiz, CSP

---

[15] Énfasis nuestro.
[16] Apéndice de la Apelante, Exhibits VI. Énfasis nuestro.
[17] Apéndice de la Oposición, pág. 28.
[18] Apéndice de la Apelante, Exhibits X-L.
[19] Énfasis nuestro.
[20] Apéndice de la Apelante, Exhibits X-M.

bufeteayalacadiz@gmail.com
16 de agosto de 2023, 10:40

*Saludos. Te llamo a las 11am.*
*Juan Felipe Santos*
*Attorney Law*

Al no lograr comunicarse telefónicamente, el **21 de agosto de 2023** el Lcdo. Juan Felipe Santos escribió el siguiente correo electrónico a la representación legal de la señora Maldonado:[21]

**Santos, Juan Felipe (San Juan)**
Juan.Santos@jacksonlewis.com
Para: Bufete Ayala Cadiz, CSP
bufeteayalacadiz@gmail.com
CC: Nieves, Sonia (San Juan)
Sonia.Nieves@jacksonlewis.com
21 de agosto de 2023, 12:36

*Saludos. Intenté llamarlo. Me puede conseguir en el 787-522-7315. Gracias.*
*Juan Felipe Santos*
*Attorney Law*

Aunque no se había comunicado con la representación legal de la señora Maldonado, el **23 de agosto de 2023** el Lcdo. Juan Felipe Santos anejó al correo electrónico el contrato de Acuerdo Transaccional redactado por su bufete, para la revisión y firma de la apelante:[22]

**Santos, Juan Felipe (San Juan)**
Juan.Santos@jacksonlewis.com
Para: Bufete Ayala Cadiz, CSP
bufeteayalacadiz@gmail.com
CC: Nieves, Sonia (San Juan)
Sonia.Nieves@jacksonlewis.com
Laurido Soto, Marcia C. (San Juan)
Marcia.LauridoSoto@jacksonlewis.com
23 de agosto de 2023, 16:19

*Saludos.* **Adjunto el acuerdo de transacción para la revisión y firma de la querellante**. *Pusimos un 15% de honorarios de abogado, ya que no nos confirmaron la cantidad. Si es una cantidad distinta por dicho concepto, nos dejan saber para hacer el cambio correspondiente en el acuerdo.* **De paso, les informo que hemos intentado comunicarnos con ustedes pero no ha sido posible**. *Vamos a estar pidiendo en el día de hoy al Tribunal hasta el viernes, 1 de septiembre para que puedan firmar el acuerdo.[23]*
*Juan Felipe Santos*
*Attorney Law*

---

[21] Apéndice de la Apelante, Exhibits X-N.
[22] Apéndice de la Apelante, Exhibits X-Ñ.
[23] Énfasis nuestro.

**Ese mismo 23 de agosto de 2023**, Adecco presentó una *Solicitud de Breve Término Adicional para Presentar Estipulación de Desistimiento.* En resumen, reiteró que las partes habían llegado a una transacción y solicitó una prórroga hasta el 1 de septiembre de 2023 para presentar una estipulación de desistimiento de ambas partes.[24]

**En igual fecha del 23 de agosto de 2023**, el TPI emitió y notificó una Orden en la que concedió el término solicitado para presentar el desistimiento. Además, advirtió que no se concedería término adicional.[25]

El **25 de agosto de 2023**, la representación legal de la señora Maldonado confirmó el recibo del Acuerdo Transaccional enviado por el Lcdo. Juan Felipe Santos mediante correo electrónico:[26]

> **Bufete Ayala Cadiz, CSP**
> bufeteayalacadiz@gmail.com
> Para: Santos, Juan Felipe (San Juan)
> Juan.Santos@jacksonlewis.com
> 25 de agosto de 2023, 11:39
>
> *Saludos. Confirmamos recibo.*
> *Gracias.*
> *María.*

El **1 de septiembre de 2023**, la representación legal de la señora Maldonado cursó un correo electrónico al Lcdo. Juan Felipe Santos sobre una conversación telefónica entre la Lcda. Ruíz (abogada de la apelante) y la Lcda. Laurido (abogada de Adecco) sostenida en la tarde del día anterior:[27]

> **Bufete Ayala Cadiz, CSP**
> bufeteayalacadiz@gmail.com
> 1 de septiembre de 2023, 13:32
> Para: Santos, Juan Felipe (San Juan)
> Juan.Santos@jacksonlewis.com
> Cc: Edgar Perez
> abogadoperezduran@gmaiI.com
>
> *Saludos Lcdo. Santos,*
> ***Me llamó la Sra. Laurido, casi un poco más de las 5:00 pm en el día de ayer y me informó la posición de su cliente sobre lo discutido vía telefónica entre usted y yo***

---

[24] Apéndice de la Apelante, Exhibits VII.
[25] Apéndice de la Oposición, pág. 35.
[26] Apéndice de la Apelante, Exhibits X-V.
[27] Apéndice de la Apelante, Exhibits X-W.

> *horas antes. En estos momentos, no puedo darle una respuesta sobre lo que nos informaron porque el Lcdo. Ayala, quien es el Leading Attorney del caso, se encuentra fuera del país por motivo de vacaciones, por lo cual, lo que nos fue informado debemos informarle a él una vez que éste regrese a sus labores nuevamente, lo que estimamos que será el jueves de la semana que viene, si Dios quiere.*
> *Mientras tanto, procedan como entiendan, pero una vez que el Lcdo. Ayala vuelva, lo primero que se discutirá será sobre este particular.[28]*
> *Sin nada más que agregar, por el momento,*
> *Lcda. Ruiz*

En pocos minutos, el Lcdo. Juan Felipe Santos respondió a la representación legal de la señora Maldonado que habría de presentar una moción al TPI para informar lo sucedido y solicitar un plazo de 14 días para ver si las partes podían resolver ese asunto dentro de ese término:[29]

> **Santos, Juan Felipe (San Juan)**
> Juan.Santos@jacksonlewis.com
> Para: Bufete Ayala Cadiz, CSP
> bufeteayalacadiz@gmail.com
> Cc: Laurido Soto, Marcia C. (San Juan)
> Marcia.LauridoSoto@jacksonlewis.com
> 1 de septiembre de 2023, 13:35
>
> *Saludos.* ***Vamos a presentar una moción para informar lo sucedido y pidiendo 14 días para ver si podemos resolver el asunto en ese término.*** *Yo voy a estar fuera de Puerto Rico hasta el 12 de septiembre, pero la Lcda. Laurido está al tanto y se pueden comunicar con ella. La estoy copiando para que tenga su contacto. Gracias.[30]*

**Ese mismo 1 de septiembre de 2023**, Adecco presentó una *Solicitud Urgente de Término Final para Presentar Estipulación de Desistimiento*,[31] en la que anejó una moción suplementaria intitulada: *"Moción Supletoria sobre Conversaciones Transaccionales Confidenciales"*.[32] Informó que desde el 7 de agosto de 2023 las partes habían llegado a un acuerdo transaccional de $5,000.00 (incluyendo honorarios de abogados), a cambio de un relevo, por lo que notificó un Acuerdo y Relevo para la firma de la apelante. Sin embargo, alegó que la parte apelante se había negado a firmar el

---

[28] Énfasis nuestro.
[29] *Ídem*, Exhibits X-W.
[30] Énfasis nuestro.
[31] Apéndice de la Oposición, págs. 37-39.
[32] Apéndice de la Oposición, págs. 40-46.

mismo, reclamando una cuantía mayor a la acordada.[33] Por lo que solicitó hasta el 15 de septiembre de 2023, para presentar la estipulación de desistimiento o, de entenderlo necesario, presentaría una *Moción para Poner en Vigor el Acuerdo de Transacción.*

El **6 de septiembre de 2023**, el TPI notificó una Orden en la que concedió hasta el 15 de septiembre de 2023 para presentar la transacción.[34]

**Ese mismo 6 de septiembre de 2023**, la representación legal de la señora Maldonado cursó un correo electrónico al Lcdo. Juan Felipe Santos sobre la conversación telefónica entre la Lcda. Ruíz (abogada de la apelante) y la Lcda. Laurido (abogada de Adecco) sostenida en la tarde del día anterior:[35]

> **Bufete Ayala Cadiz,** CSP
> bufeteayalacadiz@gmail.com
> 6 de septiembre de 2023, 13:53
> Para: Santos, Juan Felipe (San Juan)
> Juan.Santos@jacksonlewls.com
> Cc: "Laurido Soto, Marcia C. (San Juan)"
> Marcia.LauridoSoto@jacksonlewis.com
>
> *Saludos Lcdo. Santos y Lcda. Laurido,*
> ***El pasado 31 de agosto de 2023 sostuvimos una comunicación telefónica con el Lcdo. Santos, indicando lo expresado en torno a la oferta cursada, en la cual la parte demandante no quiso aceptar el acuerdo, ya que ella entiende que, como ADECCO ocasionó que ella fuese despedida de su trabajo, la compensación ofrecida de $5000 no es suficiente, ya que ella entiende que lo razonable es $12,000****. Esa oferta se la indicamos al Lcdo. Santos en dicha llamada para que su cliente la evaluara y nos dejara saber su posición sobre la misma.*
> ***El 31 de agosto de 2023, a eso de las 5:00 de la tarde, la Lcda. Laurido se comunicó con nosotros indicando que la parte demandada se sostenía en su posición de la oferta inicial y que si no se firmaba la estipulación, se iba a someter una moción con evidencia de los correos electrónicos sostenidos por los representantes legales con relación a las comunicaciones sobre la oferta y la aceptación****.*
> *El 1 de septiembre de 2023 le dirigimos un correo electrónico al Lcdo. Santos, indicando que, para poder ofrecerle una posición de lo comentado por la Lcda. Laurido, que debíamos esperar por el Lcdo. Ayala, ya que éste es el Leading Attorney del presente caso, y en ese momento se encontraba fuera de Puerto Rico, pero estaría llegando a la oficina en el día de hoy, 6 de septiembre de 2023.*

---

[33] Para sostener sus alegaciones, Adecco presentó como Anejo 1 los correos electrónicos de las partes se cursaron el 3 de agosto de 2023 y el 7 de agosto de 2023, únicamente. Apéndice de la Oposición, págs. 42-46.
[34] Apéndice de la Oposición, pág. 47.
[35] Apéndice de la Apelante, Exhibits X-X.

> *El Lcdo. Ayala nos ha indicado en el día de hoy que la parte demandante, la Sra. Ana Maldonado, **no estará firmando dicha estipulación y que desea que el caso se continúe en sus méritos, porque entiende que una oferta razonable sería $12,000 a la luz de las alegaciones en la demanda. Sin nada más que agregar, por el momento**.[36]*
> *Lcda. Ruiz*

En reacción al correo antes enviado, el **14 de septiembre de 2023** la Lcda. Laurido, representante legal de Adecco, cursó el siguiente correo electrónico a la representación legal de la señora Maldonado:[37]

> **Laurido Soto, Marcia C. (San Juan)**
> Marcia.LauridoSoto@jacksonlewjs.com
> 14 de septiembre de 2023, 19:36
> Para: Bufete Ayala Cadiz, CSP
> bufeteayalacadiz@gmaii.com
> Cc: Santos, Juan Felipe (San Juan)
> Juan.Santost@jacksonlewis.com
>
> *Estimados licenciados,*
> *En vista de la posición de su representada y el término concedido por el Tribunal, según anticipado en nuestra Solicitud Urgente de Término Final para Presentar Estipulación de Desistimiento, **estaremos presentando la Moción para Poner en Vigor el Acuerdo de Transacción**.[38]*
> *Cordialmente,*
> *Marcia C. Laurido Soto*
> *Jackson Lewis LLC*

El **15 de septiembre de 2023** Adecco presentó la *Moción para Poner en Vigor Acuerdo de Transacción*.[39] En resumen, y como anejo A, alegó que las partes habían alcanzado un acuerdo transaccional, pero la parte apelante se negaba a firmarlo, por lo que le solicitó al TPI a que ordenara a la apelante a cumplir con dicho acuerdo.[40] En apoyo a lo alegado, sometió como anejo 1 los mensajes de correos electrónicos cursados entre las partes el 3 y 7 de agosto de 2023 para demostrar el acuerdo alcanzado.[41] De igual modo, presentó como anejo 2 el mensaje de correo electrónico del 6 de septiembre de 2023 enviado por la representación legal de la señora Maldonado

---

[36] Énfasis nuestro.
[37] Apéndice de la Apelante, Exhibits X-Y.
[38] Énfasis nuestro.
[39] Apéndice de la Oposición, págs. 49-50.
[40] Apéndice de la Oposición, págs. 51-57.
[41] Apéndice de la Oposición, págs. 58-61.

para señalar la negativa de la apelante de cumplir con dicho acuerdo.[42]

Sin que la representación legal de la señora Maldonado se expresara al respecto, el **19 de septiembre de 2023**, notificada el 20 de septiembre de 2023, el TPI emitió una Sentencia, en la que resolvió lo siguiente:

> El 15 de septiembre de 2023, **la parte demandada presentó** un escrito titulado "MOCIÓN SOMETIENDO MOCIÓN PARA PONER EN VIGOR ACUERDO DE TRANSACCIÓN", **informa haber llegado a un acuerdo con la parte demandante que pone fin al presente litigio, y solicita del Tribunal que imparta su aprobación a dicho acuerdo transaccional**.
> De conformidad con la doctrina establecida en los casos: Neca Mortgage Corp. vs. A & W Developers, 137 DPR 860 (1995) y Citibank v. Dependable Ins. Co., 121 DPR 503 (1988), **este Tribunal le imparte su aprobación**. En su consecuencia, se dicta sentencia CON PERJUICIO de conformidad con la misma. Se apercibe a las partes que el incumplimiento de las obligaciones acordadas dará lugar a las medidas y procedimientos, también acordados, para el caso de incumplimiento de lo pactado; más cualquier otra medida o sanción que el Tribunal pueda entender apropiada conforme el incumplimiento, circunstancias y derecho aplicable.
> Esta Sentencia se dicta sin especial imposición de costas, intereses, ni honorarios de abogados.
> REGÍSTRESE Y NOTIFÍQUESE.
> Dada en Ponce, Puerto Rico, a 19 de septiembre de 2023.
>
> f/ PEDRO O. VIDAL RÍOS
> Juez Superior […].[43]

A tono con la Sentencia antes emitida, el **21 de septiembre de 2023** la Lcda. Laurido, representante legal de Adecco, cursó el siguiente correo electrónico a la representación legal de la señora Maldonado:[44]

> **Laurido Soto, Marcia C. (San Juan)**
> Marcia.LauridoSoto@jacksonlewjs.com
> 21 de septiembre de 2023, 9:32
> Para: Bufete Ayala Cadiz, CSP
> bufeteayalacadiz@gmaii.com
> Cc: Santos, Juan Felipe (San Juan)
> Juan.Santost@jacksonlewis.com
>
> *Estimados licenciados,*
> *En vista de la Sentencia emitida en el día de ayer por el Tribunal de Primera Instancia, agradeceremos nos confirmen que los pagos a realizarse serán considerando un 15% honorarios de abogados a su favor. A esos efectos, los cheques serán por las siguientes cuantías:*

---

[42] Apéndice de la Oposición, págs. 62-63.
[43] Apéndice de la Oposición, pág. 67. Énfasis nuestro.
[44] Apéndice de la Apelante, Exhibits X-Z.

- *$4,250.00 a favor de Ana M. Maldonado Flores, sujeto a cualquier retención aplicable.*
- *$750.00 a favor del licenciado Iván R. Ayala Cruz, sujeto a cualquier retención aplicable.*

*Cordialmente,*
*Marcia C. Laurido Soto*
*Jackson Lewis LLC*

A los pocos minutos, la Lcda. Laurido, representante legal de Adecco, vuelve a cursar otro correo electrónico a la representación legal de la señora Maldonado en la que anejó el Acuerdo Transaccional (con un arreglo final), que el 23 de agosto de 2023 el Lcdo. Santos les envió a los abogados de la apelante:[45]

**Laurido Soto, Marcia C. (San Juan)**
Marcia.LauridoSoto@jacksonlewjs.com
21 de septiembre de 2023, 9:49
Para: Bufete Ayala Cadiz, CSP
bufeteayalacadiz@gmaii.com
Cc: Santos, Juan Felipe (San Juan)
Juan.Santost@jacksonlewis.com

*Buenos días,*
*El documento anejado fue el correo electrónico notificado por el licenciado Juan Felipe Santos, el pasado 23 de agosto de 2023, el cual se incluyó para referencia. **No obstante, la solicitud de aclaración del pago a realizarse es la mencionada en el correo electrónico notificado en el día de hoy**.*
*Agradeceré nos confirme las partidas mencionadas en el correo electrónico de hoy.[46]*

A continuación, presentamos *in extenso* el Acuerdo Transaccional enviado por Adecco a la representación legal de la señora Maldonado:[47]

### ACUERDO CONFIDENCIAL DE TRANSACCIÓN Y RELEVO GENERAL

Este es un Acuerdo Confidencial de Transacción y Relevo General ("Acuerdo") entre **Ana M. Maldonado Flores**, sus herederos, ejecutores, administradores, sucesores y cesionarios (en adelante denominado conjuntamente como la "Demandante") y **Adecco Personnel Services, Inc.,** (en adelante "la Compañía", denominada colectivamente con la Demandante como las "Partes").

Para fines de este Acuerdo, la frase "la Compañía" se define como incluyendo **Adecco Personnel Services, Inc.,** así como a sus respectivas compañías matrices, sus subsidiarias y afiliadas, antecesoras y sucesoras y sus respectivos dueños, agentes, directores, oficiales, empleados, representantes, aseguradoras y abogados (así como agentes, directores, oficiales, empleados, representantes,

---

[45] Apéndice de la Apelante, Exhibits X-AA.
[46] Énfasis nuestro.
[47] Apéndice de la Apelante, Exhibits X-O,P,Q,R,S,T,U. Este contrato también está redactado en el idioma inglés. No obstante, presentaremos la versión en español.

aseguradoras y abogados de tales subsidiarias, compañías matrices y afiliadas) y cualquier persona que actúe en representación, a través o en concierto.

**POR CUANTO,** la Demandante trabajó para la Compañía hasta el 26 de agosto de 2022 fecha en la que renunció libre y voluntariamente de su empleo. ("Fecha de Terminación").

**POR CUANTO,** la Demandante presentó una Demanda en contra de la Compañía ante el Tribunal de Primera Instancia, Sala Superior de Ponce, en el caso <u>Ana M. Maldonado Flores y Adecco Personnel Services, Inc.</u>, P02023CV01237, por alegados daños y perjuicios, interferencia torticera y sentencia declaratoria ("la Demanda").

**POR CUANTO,** la Compañía niega las alegaciones en la misma y que haya incurrido en las conductas alegadas.

**POR CUANTO,** las Partes, en aras finiquitar esta controversia y para evitar los gastos, molestias e inconvenientes que todo litigio actual o potencial acarrea acuerdan transigir y así poner fin a la Demanda y a cualquier otra controversia o reclamación entre las Partes, **sujeto a los términos y condiciones que se enumeran a continuación:**

1. **<u>Desistimiento de la Demanda</u>** En consideración a los pagos a ser hechos por la Compañía, como se describe en el Párrafo 2 de este Acuerdo, **la Demandante acuerda solicitar el desistimiento voluntario con perjuicio**, del caso <u>Ana M. Maldonado Flores v. Adecco Personnel Services, Inc</u>., P02023CV01237, ante el Tribunal de Primera Instancia, Sala Superior de Ponce. **Para obtener dicho desistimiento, la Demandante y/o el abogado de la demandante acuerdan presentar una moción solicitando el desistimiento con perjuicio de sus reclamaciones en la Demanda, sin imposición especial de costas ni honorarios de abogado, y donde no se hará mención de este Acuerdo**. Además, <u>la Demandante acepta presentar y suscribir cualquier formulario, documento, moción o carta que sea necesaria para obtener el desistimiento, con perjuicio, de cualquier reclamación o cargo administrativo o cargo administrativo, si alguno, pendiente ante cualquier agencia o tribunal local, estatal o federal, relacionado con los hechos alegados en la Demanda o con el empleo de la Demandante y/o cualquier hecho posterior a su renuncia voluntaria entre las Partes</u>.[48]

2. **<u>Consideración</u>** En consideración a las disposiciones de este Acuerdo, y a tenor con sus términos, la Compañía pagará las siguientes cantidades, que normalmente no tendría que pagar y que la Demandante de otra manera no recibiría:

   a. Un pago a **Ana M. Maldonado Flores** por la cantidad de **$4,250.00** por concepto de daños, en transacción de todas las reclamaciones incluidas en la Demanda, aunque la Compañía sostiene que no ha incurrido en las violaciones alegadas.

   b. Un pago por concepto de honorarios de abogado, costas y gastos a nombre de **Iván R. Ayala Cruz** por la cantidad de $750.00. Dicho pago está sujeto a una

---

[48] Énfasis nuestro.

retención de diez por ciento (10%) que se hará sobre el monto en exceso de los primeros quinientos dólares ($500) en honorarios. Para realizar el pago, la Demandante y el licenciado **Iván R. Ayala Cruz** deberán proveer un formulario W9 completado y firmado.

**La Compañía realizará los pagos antes descritos en el término de treinta (30) días luego de que ocurra** todo **lo siguiente: 1)** la Compañía reciba el original de este Acuerdo, firmado por la Demandante y su abogado; **2)** se presente ante el Tribunal la moción de desistimiento voluntario con perjuicio, según descrita en el Párrafo 1 de este Acuerdo; y **3)** la Compañía recibía completado el formulario W-9 de la Demandante y su abogado.[49]

La Compañía no hace representación alguna en cuanto al trato contributivo de los montos pagados a la Demandante. **La Demandante acuerda pagar los impuestos federales o locales, si alguno, que la ley exige que se paguen con respecto a esta transacción**. Además, **la Demandante acepta indemnizar a la Compañía y eximirla de cualesquiera intereses, impuestos o penalidades impuestos en su contra por cualquier agencia gubernamental como resultado de la falta de pago de contribuciones sobre cualquier cantidad pagada a la Demandante o a su abogado bajo los términos de este Acuerdo**. En caso de que la Demandante desee impugnar las retenciones o notificaciones hechas por la Compañía, llevarán a cabo dicha impugnación requiriendo restitución y/o reintegro exclusivamente de la agencia federal y/o estatal para la cual se retuvo, y se compromete a no incluir a la Compañía como parte demandada en cualquier procedimiento que se lleve a cabo para dicho propósito.[50]

3. **No Consideración en Ausencia de la Ejecución de este Acuerdo** La Demandante acuerda y entiende que no recibirá la consideración provista en el Párrafo 2, excepto por la firma de la Demandante de este Acuerdo y el cumplimiento con las promesas aquí dispuesta. **La Demandante reconoce y acuerda que la cantidad a ser pagada a la Demandante constituye una compensación razonable y una consideración válida por la ejecución de este Acuerdo**. La Demandante reconoce que no tiene derecho a solicitar suma adicional alguna de la Compañía con respecto a la Demanda, a su empleo y cualquiera de los hechos alegados en su Demanda.[51]

4. **Relevo General de Todas las Reclamaciones** En consideración a los pagos en el Párrafo 2 de este Acuerdo, la Demandante voluntariamente releva, exonera y renuncia a todas y a cualesquiera reclamaciones que la Demandante pueda tener o haya tenido en contra de la Compañía, su compañía matriz, afiliadas, subsidiarias, divisiones, antecesoras, aseguradoras, sucesoras y cesionarios, sus empleados actuales y anteriores, abogados, oficiales, directores y agentes, en su capacidad individual y oficial, y sus planes de bienestar para empleados y sus administradores u fiduciarios (en adelante denominados

---

[49] Énfasis nuestro.
[50] Énfasis nuestro.
[51] Énfasis nuestro.

colectivamente en el resto del Acuerdo como las "Partes Relevadas"), de y todas y cada una de las reclamaciones, presentadas o sin presentar, que la Demandante tenga o pueda tener en contra de las Partes Relevadas hasta la fecha de la ejecución de este Acuerdo, relacionada a su Demanda, los hechos allí alegados o su empleo con la Compañía incluyendo, **pero no se limita a, cualquier alegada violación de:**

- El Título VII de la Ley de Derechos Civiles de 1964;
- La Ley de Derechos Civiles del 1866 y 1871 y la Orden Ejecutiva 11246;
- Las Secciones 1981 a 1988 del Título 42 del Código de los Estados Unidos;
- La Ley Federal de Seguridad de Ingresos de Retiro del 1974 (conocida como "ERISA", por sus siglas en inglés) (según modificado abajo);
- La Ley Federal de Reforma y Control Migratorio (conocida como "IRCA", por sus siglas en inglés);
- La Ley de Americanos con Impedimentos de 1990 (conocida como "ADA," por sus siglas en inglés)
- La Ley de Discrimen por Edad en el Empleo de 1967 (conocida como "ADEA", por sus siglas en inglés);
- La Ley de Protección de Beneficios a
- Empleadas de Mayor Edad (conocida como "OWBPA", por sus siglas en inglés);
- La Ley Sarbanes Oxley de 2002;
- La Ley de Rehabilitación de 1973;
- La Ley Federal de Re-ajuste, Re-Entrenamiento y Notificación a Trabajadores: (conocida como "WARN", por sus siglas en inglés);
- La Ley de Informe de Crédito Razonable ("Fair Credit Reporting Act" o "FCRA");
- La Ley de Licencia Médico-Familiar (conocida como "FMLA", por sus siglas en inglés);
- La Ley de Igualdad en Compensación (conocida como "Equal Pay Act");
- La Ley Federal Contra el Discrimen por Información Genética de 2008 (conocida como "GINA", por sus siglas en inglés);
- La Constitución del Estado Libre Asociado de Puerto Rico y la Constitución de los Estados Unidos de América.
- La Ley Núm. 4 de 26 de enero de 2017(reforma laboral);
- La Ley Núm. 82 de 22 de septiembre de 2022 (para prohibir el hostigamiento sexual en el empleo);
- La Ley Núm. 16 de 8 de marzo de 2017 equidad salarial);
- La Ley Núm. 83 de 29 de julio de 2019;
- La Ley Núm. 47 de 21 de septiembre de 2021 (salario mínimo);
- La Ley Núm. 80 de 30 mayo de 1976 (despido sin justa causa), incluyendo sus disposiciones sobre reempleo ("recall");
- La Ley Núm. 100 de 30 de junio de 1959 (discrimen por razón, de edad, raza, sexo, religión, matrimonio, ideas políticas, militar, orientación, sexual, identidad de género, condición u origen social, origen nacional, o por ser víctima o ser percibido como víctima de violencia doméstica, agresión o acecho);
- La Ley Núm. 9 de 3 de enero de 2020;
- La Ley Núm. 28 de 21 de enero de 2018 (licencia por enfermedades catastróficas);
- La Ley Núm. 90 de 7 de agosto de 2020 (acoso laboral);

- La Ley Núm. 44 de 2 de julio de 1985 (discrimen por razón de impedimento);
- La Ley Núm. 69 de 6 de julio de 1985 (discrimen por razón de sexo);
- La Ley Núm. 3 de 13 de marzo de 1942 según enmendada. (discrimen por maternidad y embarazo);
- La Ley Núm. 107 del 9 de septiembre de 2013 (discrimen por información genética);
- La Ley Núm. 17 de 22 de abril de 1988 (hostigamiento sexual);
- La Ley Núm. 115 de 20 de diciembre 1991 (represalia);
- La Ley Núm. 59 de 8 de agosto de 1997 (pruebas de drogas);
- La Ley Núm. 207 de 2006 (número de seguro social);
- La Ley Núm. 203 de 14 de diciembre de 2007, según enmendada, (conocida como la Carta de Derecho de los Veteranos de Puerto Rico para el Siglo 21);
- La Ley de Seguridad y Salud de Puerto Rico de 1975 (conocida como "PROSHA", por sus siglas en inglés);
- Código Civil de Puerto Rico del 1930;
- Código Civil de Puerto Rico del 2020;
- Las Leyes Núm. 96 de 26 de junio de 1956, Núm. 148 de 30 de junio de 1969, Núm. 379 del 15 de mayo de 1948, Núm. 180 del 27 de julio de 1998, Núm. 60 de 27 de enero de 2018, Núm. 289 de 9 de abril de 1946, según enmendadas, y/o de algún decreto mandatorio aplicable o contrato de empleo (reclamaciones por concepto de salarios, vacaciones, licencia por enfermedad y/o bono anual);
- La Ley Núm. 37 del 9 de abril de 2020 (licencia por estado de emergencia);
- La Ley Núm. 87 del 22 de junio de 1962;
- La Ley de Compensaciones por Accidentes del Trabajo y/o la Ley de Beneficios por Incapacidad No Ocupacional (conocida como "SINOT") (acción por daños y/o solicitando reinstalación);
- Art. 5, *15,* 16 y 20 de la Ley de Compensación por Accidentes del Trabajo de Puerto Rico;
- Código de Seguros de Puerto Rico;
- La Ley federal conocida como la Ley de Salud y Seguridad Ocupacional ("OSHA");
- La Ley Núm. 16 de 5 de agosto de 1975 ("OSHO");
- La Ley federal conocida como el "Vietnam Era Veterans Readjustment Assistance Act of 1974";
- El "Uniformed Services Employment and Reemployment Rights Act" ("USERRA");
- La Ley Núm. 427 de 16 de diciembre de 2000 (lactancia);
- La Ley Núm. 428 de 15 de mayo de 1950 (seguro choferil);
- La Ley Núm. 138 de 26 de junio de 1968 ("ACAA");
- La Ley Núm. 281 del 27 de septiembre de 2003 (servicio de jurado);
- La Ley Núm. 217 de 29 de septiembre de 2006 conocida como la Ley para la Implantación de un Protocolo para Manejar Situaciones de Violencia Domésticas en el Empleo;
- La Ley federal conocida como la Ley de Normas Razonables de Trabajo de 1938 (conocida como 'FLSA", por sus siglas en inglés);
- La Ley federal conocida como la "Health Insurance . Portability and;
- Accountability Act ("HIPAA");

- La Ley federal conocida como "Consolidated 0mnibus Budget Reconciliation Act" ("COBRA");
- Cualquier reclamación por incumplimiento de contrato, libelo, calumnia, difamación, daños, incumplimiento torticero, equidad, cualquier otra ley federal; estatal, local, regla, reglamento u ordenanza;
- Cualquier daño sufrido, tangible o intangible;
- Cualquier política, pública, contrato, actos torticeros, o derecho común o;
- Cualquier fundamento para, recobrar costas, intereses u otros gastos.

5. **Reclamaciones No Relevadas** La Demandante no está renunciando a cualquier derecho que ella pudiera tener a: **(a)** sus beneficios de empleo adquiridos ("vested"), bajo los planes de beneficio de salud, bienestar, o retiro de Compañía a la Fecha de Terminación; **(b)** beneficios y/o el derecho a solicitar beneficios bajo los estatutos de compensación por desempleo aplicables; **(c)** instar reclamaciones que por ley no pueden ser renunciadas por la firma de este Acuerdo; y/o (d) hacer valer este Acuerdo.[52]

6. **Renuncia a acción de clase y/o acción colectiva** Si existiese alguna reclamación que no fuese susceptible a ser renunciada, hasta el máximo permitido por ley, <u>la Demandante renuncia por la presente a cualquier derecho que pueda tener a representar a una clase o de cualquier otro modo participar en una acción colectiva, de clase, o de múltiples demandantes, putativa o certificada, que se base en alguna reclamación en la cual la Compañía o alguna de las partes relevadas bajo este Acuerdo sea parte</u>.[53]

7. **Agencias de Gobierno** Nada en este Acuerdo prohíbe o impide que a Demandante presente un cargo ante o participe, testifique, o asista en cualquier investigación, vista, procedimiento de denuncia u otro procedimiento ante cualquier agenda federal, estatal, a local gubernamental (ejemplo EEOC, NLRB, SEC y otros), y nada en este Acuerdo excluye o prohíbe o de otra manera limita, de ningún modo, los derechos y facultades de la Demandante de contactar, comunicarse con, informar asuntos a, o de otra manera participar en un programa de denunciante administrado por cualquiera de dichas agencias. <u>No obstante, hasta el máximo de lo permitido por ley, la Demandante acuerda que, si dicha reclamación administrativa se presenta, la Demandante no tendrá derecho a obtener de la Compañía resarcimiento monetario individual ni a otros remedios individuales</u>.[54]

8. **Reconocimientos y Afirmaciones**
   **a.** <u>La Demandante afirma que no ha presentado, ni causado que se presente ni el presente son parte en ninguna reclamación en contra de la Compañía o las Partes Relevadas identificadas en este Acuerdo</u>, excepto la Demanda

---

[52] Énfasis nuestro.
[53] Énfasis nuestro.
[54] Énfasis nuestro.

identificada en el Párrafo 1, y la cual será desestimada como parte de este Acuerdo.

**b.** Las Partes afirman que esta transacción no constituye ni deberá ser considerada a ningún fin o propósito como una admisión de responsabilidad por ninguna de las Partes, y tanto la Demandante como la Compañía otorgan este Acuerdo **únicamente** a los fines de evitar las inconveniencias, molestias y costos de litigar las controversias que tienen entre sí en relación a los hechos que motivaron la Demanda, así como cualquier causa de acción que pudo surgir contra la Compañía.[55]

**c.** La Demandante reconoce que está transigiendo las reclamaciones que surgen de la Demanda y el Párrafo 4 de este Acuerdo.[56]

9. **No Admisión de Responsabilidad** Las Partes acuerdan que ni este Acuerdo ni la consideración pagada en virtud de este Acuerdo se entenderá o podrá interpretarse, en ningún momento y bajo ningún propósito, como una admisión por parte de la Compañía o de las Partes Relevadas de conducta impropia o evidencia de cualquier responsabilidad o conducta ilegal de clase alguna.

10. **Confidencialidad** La Demandante acuerda no divulgar ninguna información relacionada a los hechos que dieron lugar a este Acuerdo, el contenido de este Acuerdo o la sustancia o la cantidad pagada en virtud del Acuerdo, excepto a su cónyuge, asesor contributivo, y el abogado que la Demandante escoja consultar en cuanto a la consideración de este Acuerdo y/o cualquier agencia gubernamental federal, estatal o local. La Demandante reconoce que esta disposición de confidencialidad descrita en este párrafo constituye una disposición esencial de este Acuerdo, y sin la cual la Compañía no suscribiría este Acuerdo.

La Demandante reconoce que, en caso de violar el elemento de Confidencialidad del presente Acuerdo, la Compañía podrá exigir el cumplimiento escrito con las disposiciones de confidencialidad mediante un recurso interdictal ("injunction").

Esta restricción de confidencialidad no debe ser interpretada para que limite los derechos de la Demandante bajo la Ley Nacional de Relaciones del Trabajo, incluyendo, pero sin limitarse, al derecho de participar de actividades concertadas, incluyendo discutir los términos y condiciones de empleo con compañeros de trabajo e intentar mejorar los términos y condiciones de empleo mediante canales fuera de la inmediata relación patrono-empleado, tales como la Junta Nacional de Relaciones del Trabajo.[57]

11. **No Reempleo y/o Contratación** La Demandante afirma y acuerda que no solicitará reinstalación ni empleo con la Compañía ni con las Partes Relevadas ni solicitará proveer servicios como contratista o proveedor de la Compañía o de las Partes Relevadas, por las diferencias irreconciliables que

---

[55] Énfasis nuestro.
[56] Énfasis nuestro.
[57] Énfasis nuestro.

existen entre las Partes, entre otras razones válidas. **Esto es una cláusula negociada como parte de este Acuerdo de Transacción**.

La Compañía se compromete a que, si es contactada por cualquier persona o entidad en relación al empleo de la Demandante, solamente proveerá el tiempo en el empleo y la posición ocupada.[58]

13. **Expresiones Futuras y No Denigración** La Demandante se compromete a no realizar maliciosamente expresiones falsas, difamatorias o degradar a la Compañía o las Partes Relevadas de ninguna manera (sea verbalmente o por escrito). **La Demandante acuerda también no fomentar a otra persona a hacer declaraciones menospreciando a la otra parte**. A pesar de lo anterior, nada en este Acuerdo impide a la Demandante ofrecer declaraciones veraces requeridas por la ley aplicable, regulación o un proceso legal.[59]

14. **Incumplimiento** En caso de que la Demandante incumpla alguna de las disposiciones de este Acuerdo o presente una acción por cualquier reclamación aquí relevada, ésta acuerda que la Compañía o las Partes Relevadas podrán comenzar una acción para exigir el cumplimiento específico de cualquier disposición o disposiciones de este Acuerdo y **la Compañía tendrá el derecho de recibir, mediante reconvención u otros medios legales, además de cualquier otro remedio, resarcimiento por el monto total que se le haya pagado a la Demandante en consideración al presente Acuerdo como daños líquidos, sin afectar las defensas afirmativas que la Compañía pueda levantar, incluyendo transacción**. La Compañía además tendrán derecho a solicitar honorarios de abogado y costas incurridas para hacer valer este Acuerdo, sin menoscabar las defensas que la Compañía pueda levantar, incluyendo transacción.[60]

15. **Asesoramiento Legal La Demandante representa y reconoce que ha discutido todos y cada uno de los aspectos de este Acuerdo con su abogado, y** además representa y reconoce que la Demandante ha **leído cuidadosamente** y comprende por completo cada uno de los términos de este Acuerdo y que **la Demandante no ha descansado en ninguna declaración hecha por la Compañía o sus agentes o abogados con respecto a cualquier aspecto de este Acuerdo**, y que la Demandante **suscribe** este Acuerdo **voluntariamente**.[61]

16. **Ley que Rige e Interpretación** Este Acuerdo se regirá y se interpretará de acuerdo con las leyes del Estado Libre Asociado de Puerto Rico sin arreglo a las disposiciones sobre conflictos de leyes.

Si alguna disposición de este Acuerdo se declara ilegal o no ejecutable por cualquier tribunal con jurisdicción competente y no puede ser modificada para ser ejecutable, excluyendo el

---

[58] Énfasis nuestro.
[59] En el contrato hay una interposición de números en el cual, del número 11 salta al número 13 y no se registra el número 12. Énfasis nuestro.
[60] Énfasis nuestro.
[61] Énfasis nuestro.

lenguaje de relevo general, dicha disposición se convertirá nula e inválida inmediatamente, dejando el resto de este Acuerdo en pleno vigor.

No obstante lo antes expuesto, si un tribunal con jurisdicción autorizara a la Demandante a presentar una reclamación aquí relevada o transigida, todo pago realizado en virtud de este Acuerdo a la Demandante se usará como compensación (offset) de cualquier cantidad que se le otorgue.

17. **Enmienda** Este Acuerdo no puede ser modificado, alterado o cambiado, **excepto** por escrito y firmado por ambas Partes en donde se hará referencia específica a este Acuerdo.[62]

18. **Acuerdo Total** **Este Acuerdo establece el acuerdo entero entre las Partes comparecientes y reemplaza por completo cualquier acuerdo previo o entendimiento entre las Partes con relación a los asuntos discutidos aquí. La Demandante acuerda que ella no descansó en ninguna representación al firmar este Acuerdo excepto aquellas específicamente mencionadas en él**. Todo otro acuerdo entre las Partes, incluyendo cualquier acuerdo de arbitraje y acuerdo de no-divulgación firmado por la Demandante como parte de su contratación o empleo con la Compañía permanece en pleno vigor.[63]

19. **Contrapartes** Este acuerdo puede ser **firmado** en contrapartes, cada una de las cuales se considerará una copia original y cada una de ellas constituirá en conjunto un solo mismo acuerdo. **Un facsímil o una copia en formato *pdf* de este Acuerdo será tan válido como el original y tendrá completo y entero vigor. Firmas electrónicas tendrán el mismo efecto y vigor que firmas por escrito.**[64]

HABIENDO ELEGIDO FIRMAR ESTE ACUERDO, CUMPLIR CON LOS TÉRMINOS AQUÍ CONTENIDOS, Y RECIBIR LOS PAGOS DESCRITOS EN EL PÁRRAFO 2 ARRIBA, **LA DEMANDANTE ENTRA EN ESTE ACUERDO LIBREMENTE Y CON ENTERO CONOCIMIENTO, Y DESPUÉS DE LA DEBIDA CONSIDERACIÓN, CON LA INTENCIÓN DE RENUNCIAR, RELEVAR Y TRANSIGIR TODA RECLAMACIÓN QUE LA DEMANDANTE TENGA O PUEDA TENER EN CONTRA DE LA COMPAÑÍA Y LAS PARTES RELEVADAS**.[65]

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Las Partes con entero conocimiento y voluntariamente firman este Acuerdo en la(s) fecha(s) abajo establecida(s):

Por: _____
      Demandante

Por: _____
      Abogado de la Demandante

[…].

---

[62] Énfasis nuestro.
[63] Énfasis nuestro.
[64] Énfasis nuestro.
[65] Énfasis nuestro.

El **29 de septiembre de 2023**, la señora Maldonado presentó una *Urgente Moción para Dejar sin Efecto Sentencia y Reconsideración.* En síntesis, alegó que las partes llevaron a cabo negociaciones extrajudiciales en los que se ofrecieron cifras monetarias como un posible acuerdo, pero no lograron el acuerdo de transacción, ya que en las conversaciones habidas nunca se aceptó, firmó ni formalizó acuerdo alguno entre las partes. En específico, indicó que desde el 31 de agosto de 2023 las partes sostuvieron unas conversaciones telefónicas en las que la parte apelante hizo claro que rechazaba la oferta de $5,000.00 y le propuso a Adecco una contraoferta $12,000.00.[66]

El **6 de octubre de 2023**, el TPI notificó una Resolución en la que señaló una vista argumentativa para el 13 de noviembre de 2023. Por lo que ordenó a las partes a prepararse para fundamentar sus posturas.[67]

El **24 de octubre de 2023**, Adecco presentó una *Oposición a Urgente Moción para Dejar sin Efecto Sentencia y Reconsideración.*[68]

El **26 de octubre de 2023**, el TPI tomó conocimiento de la oposición y reiteró la celebración de la vista argumentativa del 13 de noviembre de 2023.[69]

El **13 de noviembre de 2023**, el TPI celebró la vista argumentativa en la que los abogados de ambas partes presentaron sus respectivas posturas.[70]

El **8 de febrero de 2024**, la señora Maldonado presentó una *Moción Solicitando Resolución*, en la que le solicitó al TPI emitiera un dictamen en cuanto a la procedencia o no del acuerdo transaccional.[71]

---

[66] Apéndice de la Oposición, págs. 69-77.
[67] Apéndice de la Oposición, págs. 78-79.
[68] Apéndice de la Oposición, págs. 83-93.
[69] Apéndice de la Oposición, pág. 94.
[70] Véase, la Minuta de la vista argumentativa presidida por el juez Pedro O. Vidal Ríos, en el Apéndice de la Oposición, págs. 95-96.
[71] Apéndice de la Oposición, pág. 98.

Sin hacer mención de la vista argumentativa antes mencionada,[72] el **13 de febrero de 2024**, notificada el 14 de febrero de 2024, el TPI emitió una Resolución, en la que resolvió:[73]

> ***Analizada la Moción Solicitando Reconsideración, según presentada, la misma se declara No Ha Lugar***. *El Tribunal se sostiene en su determinación, es decir en la Sentencia promulgada el 19 de septiembre de 2023.*

El **1 de marzo de 2024**, la señora Maldonado presentó un recurso de apelación ante este Tribunal de Apelaciones y señaló el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL AL DICTAR UNA SENTENCIA CON PERJUICIO BASADO EN UN ESCRITO PRESENTADO POR LA DEMANDADA-APELADA EL 15 DE SEPTIEMBRE DE 2023 TITULADO "SOMETIENDO MOCIÓN PARA PONER EN VIGOR ACUERDO DE TRANSACCIÓN" DONDE INFORMABA HABER LLEGADO A UN ACUERDO CON LA PARTE DEMANDANTE QUE PONE FIN AL PRESENTE LITIGIO SIN QUE HUBIESE LA PARTE DEMANDANTE-APELANTE ACEPTADO EL ACUERDO NI FIRMADO NINGUNA ESTIPULACIÓN.

El **11 de abril de 2024**, la parte apelada presentó su alegato en oposición.

**-II-**

En nuestro ordenamiento jurídico se reconoce el contrato de transacción, el cual está regulado por los Artículos 1497 al 1504 del Código Civil de Puerto Rico de 2020.[74]

En ese sentido, el Artículo 1497 expresa que el contrato de transacción es un instrumento útil para que: *"... mediante concesiones recíprocas, las partes ponen fin a un litigio o a su incertidumbre sobre una relación jurídica"*.[75] En consecuencia, para que exista un contrato de transacción, este debe comprender los siguientes requisitos: **(1)** una relación jurídica incierta y litigiosa; **(2)** la intención de los contratantes de componer el litigio y sustituir la

---

[72] Cabe indicar que esta Resolución fue emitida por la juez Estrella M. Vega Soto, quien no presidió la vista argumentativa.
[73] Apéndice de la Oposición, págs. 99-100.
[74] 31 LPRA secs. 10641 a 10648.
[75] Art. 1497 del Código Civil de 2020, 31 LPRA sec. 10641.

relación dudosa por otra cierta e incontestable, y **(3)** las recíprocas concesiones de las partes.[76]

Por lo cual, en el contrato de transacción rige el principio de la libertad de contratación, que expresa lo siguiente:

> *"Es facultativo contratar o no hacerlo, y hacerlo, o no, con determinada persona. **Estos derechos no pueden ejercerse abusivamente ni contra una disposición legal**. Las partes pueden acordar cualquier cláusula que no sea contraria a la ley, a la moral o al orden público".*[77]

Es decir, el principio de contratación recoge la autonomía contractual de la que gozan las partes para establecer los pactos, cláusulas y condiciones que tengan por convenientes, siempre que no sean contrarios a la ley, a la moral o al orden público.

Cabe indicar que en nuestra jurisdicción existen dos tipos de contratos de transacción: **extrajudicial** y **judicial**.

De un lado, el contrato de **transacción extrajudicial** procede cuando, **antes** de comenzar un pleito, las partes acuerdan eliminar la controversia y solicitan eliminarla mediante un acuerdo. También puede ocurrir que, aun estando pendiente un litigio, las partes acuerden una transacción sin la intervención del tribunal.[78] En este último caso, bastará con un mero aviso de desistimiento.

Por otro lado, si la controversia degenera en pleito y **luego** de este haber comenzado, las partes acuerdan eliminar la controversia y solicitan incorporar el acuerdo al proceso en curso, estamos ante un contrato de **transacción judicial**.[79]

Además de lo antes dicho, el Artículo 1503 del Código Civil de 2020 exige que el contrato de transacción se formalice por escrito y firmado por las partes:

> *"La transacción **debe constar en un escrito firmado por las partes o en una resolución o una sentencia dictada por el tribunal**. Si se refiere a derechos*

---

[76] *Demeter International, Inc. v. Secretario de Hacienda*, 2018 TSPR 21, 199 DPR __ (2018); *Fonseca v. Hosp. HIMA*, 184 DPR 281 (2012).
[77] Art. 1232 del Código Civil de 2020, 31 LPRA sec. 9753. Énfasis nuestro.
[78] *Demeter International, Inc. v. Secretario de Hacienda*, supra; *Negrón Vélez v. ACT*, 196 DPR 489 (2016).
[79] *Ibid.*

*constituidos mediante escritura pública, se requiere esta formalidad. La inobservancia de estas reglas la hace nula".*[80]

Por ende, el contrato de transacción tiene la autoridad de cosa juzgada entre las partes.[81] Es decir, se trata como si fuera una sentencia firme entre las mismas. Por lo que de surgir alguna controversia respecto a este tipo de contrato, los mismos deben interpretarse de forma restrictiva.[82]

De ahí, que *"los tribunales están facultados para velar por el cumplimiento de los contratos y estos no deben relevar a una parte del cumplimiento de su obligación contractual, cuando dicho contrato sea legal, válido y no contenga vicio alguno".*[83]

**-III-**

En resumen, la señora Maldonado nos señala que el TPI erró al dictar una sentencia a petición de Adecco en la que avaló un acuerdo transaccional entre las partes que no se había perfeccionado. Tiene razón.

**A.**

**De umbral**, veremos que a tono con los hechos procesales reseñados en este caso, el Acuerdo de Transacción propuesto por Adecco no cumple con los requisitos 2 y 3 que a continuación enumeramos: **(1)** una relación jurídica incierta y litigiosa; **(2)** la intención de los contratantes de componer el litigio y sustituir la relación dudosa por otra cierta e incontestable, y **(3)** las recíprocas concesiones de las partes.[84] Veamos cinco (5) instancias fácticas que así lo demuestran:

> 1. **En primer orden**, en la *Solicitud de Breve Prórroga para Presentar Estipulación de Desistimiento,* presentada por

---

[80] Art. 1503 del Código Civil de 2020, 31 LPRA sec. 10647.
[81] Art. 1500 del Código Civil de 2020, 31 LPRA sec. 10644.
[82] Art. 1499 del Código Civil de 2020, 31 LPRA sec. 10643.
[83] *Oriental Financial v. Nieves, supra,* pág. 471.
[84] *Demeter International, Inc. v. Secretario de Hacienda,* 2018 TSPR 21, 199 DPR __ (2018); *Fonseca v. Hosp. HIMA,* 184 DPR 281 (2012).

Adecco el 9 de agosto de 2023, adujo que las partes alcanzaron una transacción, pero acto seguido, **reconoció** que para esa fecha las partes se encontraban en un **proceso de finalizar el acuerdo**. En específico, expresó lo siguiente:

> *Durante el término concedido por este Honorable Tribunal, las partes entablaron conversaciones transaccionales, con el propósito de finiquitar las controversias entre éstas y ponerle fin al pleito de epígrafe. Como resultado de dichas conversaciones, las partes alcanzaron una transacción.* ***Sin embargo, a la fecha de hoy, las partes se encuentran en el proceso de finalizar dicho acuerdo.***[85]

Todavía más, **a esa fecha no se había circulado ni un borrador del Acuerdo Transaccional**. Lo único que había ocurrido es que Adecco aceptó una oferta monetaria como parte de los procedimientos de negociación y se aprestaba a redactar por escrito un contrato de transacción con **términos y condiciones adicionales para a el examen**, **aprobación y firma de la parte apelante con el propósito de poner fin al proceso de negociación**.

2. **En segundo orden**, no es hasta el **23 de agosto de 2023** que el Lcdo. Juan Felipe Santos envía **(por primera vez)** un propuesto contrato de Acuerdo Transaccional redactado por su bufete para la revisión y firma de la señora Maldonado y su representación legal.[86] Ello, sin haberse comunicado con la representación legal de la apelante que desde la fecha del **16 de agosto de 2023** había solicitado

---

[85] Apéndice de la Apelante, Exhibits VI. Énfasis nuestro.
[86] Dicho borrador de Acuerdo Transaccional contenía nuevos términos y condiciones que las partes no habían negociado con anterioridad a los correos electrónicos intercambiados. En la parte B de esta Sentencia abordaremos los mismos.

**urgentemente** hablar telefónicamente con el Lcdo. Santos de una situación del caso. En particular, el Lcdo. Santos expresó lo siguiente:[87]

**Santos, Juan Felipe (San Juan)**
Juan.Santos@jacksonlewis.com
Para: Bufete Ayala Cadiz, CSP
bufeteayalacadiz@gmail.com
CC: Nieves, Sonia (San Juan)
Sonia.Nieves@jacksonlewis.com
Laurido Soto, Marcia C. (San Juan)
Marcia.LauridoSoto@jacksonlewis.com
23 de agosto de 2023, 16:19

*Saludos.* ***Adjunto el acuerdo de transacción para la revisión y firma de la querellante***. *Pusimos un 15% de honorarios de abogado, ya que no nos confirmaron la cantidad. Si es una cantidad distinta por dicho concepto, nos dejan saber para hacer el cambio correspondiente en el acuerdo.* ***De paso, les informo que hemos intentado comunicarnos con ustedes pero no ha sido posible***. *Vamos a estar pidiendo en el día de hoy al Tribunal hasta el viernes, 1 de septiembre para que puedan firmar el acuerdo.[88]*
*Juan Felipe Santos*
*Attorney Law*

Aunque el **23 de agosto de 2023** Adecco entregó por primera vez el **borrador** del Acuerdo Transaccional a la parte apelante, **en esa misma fecha** presentó una *Solicitud de Breve Término Adicional para Presentar Estipulación de Desistimiento*, en la **reiteró que las partes habían llegado a una transacción** y solicitó una prórroga hasta el 1 de septiembre de 2023 para presentar una estipulación de desistimiento de ambas partes.[89] Ese mismo día el TPI concedió la referida prórroga.

3. **En tercer orden**, luego de que el **31 de agosto de 2023** las partes se comunicaran telefónicamente, el Lcdo. Felipe Santos conoció que la señora Maldonado había rechazado la oferta transaccional de $5,000.00, y a su vez, le había presentado una contraoferta de

---

[87] Apéndice de la Apelante, Exhibits X-Ñ.
[88] Énfasis nuestro.
[89] Apéndice de la Apelante, Exhibits VII.

$12,000.00.[90] No obstante, el **1 de septiembre de 2023** el Lcdo. Santos escribió un correo electrónico a la representación de la parte apelante expresando lo siguiente:[91]

**Santos, Juan Felipe (San Juan)**
Juan.Santos@jacksonlewis.com
Para: Bufete Ayala Cadiz, CSP
bufeteayalacadiz@gmail.com
Cc: Laurido Soto, Marcia C. (San Juan)
Marcia.LauridoSoto@jacksonlewis.com
1 de septiembre de 2023, 13:35

*Saludos.* ***Vamos a presentar una moción para informar lo sucedido y pidiendo 14 días <u>para ver si podemos resolver el asunto en ese término</u>****. Yo voy a estar fuera de Puerto Rico hasta el 12 de septiembre, pero la Lcda. Laurido está al tanto y se pueden comunicar con ella. La estoy copiando para que tenga su contacto. Gracias.*

**Ese mismo 1 de septiembre de 2023**, Adecco presentó una *Solicitud Urgente de Término Final para Presentar Estipulación de Desistimiento*,[92] y anejó una moción suplementaria: *"Moción Supletoria sobre Conversaciones Transaccionales Confidenciales"*.[93] Arguyó ante el TPI que, el 7 de agosto de 2023 las partes habían llegado a un Acuerdo Transaccional a cambio de un relevo por $5,000.00 (incluyendo honorarios de abogados). No obstante, luego de notificar dicho Acuerdo y Relevo para la firma de la apelante, esta se negó a firmarlo, reclamando una cuantía mayor a la acordada.[94] Así, solicitó una prórroga hasta el 15 de septiembre de 2023 para presentar <u>una estipulación de desistimiento</u> o, de entenderlo necesario, presentaría

---

[90] Véase, el contenido del correo electrónico del 6 de septiembre de 2023 cursado por la parte apelante a la parte apelada en el Apéndice de la Apelante, Exhibits X-X.

[91] *Ídem*, Exhibits X-W.

[92] Apéndice de la Oposición, págs. 37-39.

[93] Apéndice de la Oposición, págs. 40-46.

[94] Para sostener sus alegaciones, Adecco presentó como Anejo 1 los correos electrónicos de las partes se cursaron el 3 de agosto de 2023 y el 7 de agosto de 2023, únicamente. Apéndice de la Oposición, págs. 42-46.

una *Moción para Poner en Vigor el Acuerdo de Transacción*.

4. **En cuarto orden**, ante el rechazo de la contraoferta de $12,000.00 presentada por la representación legal de la apelante, el **15 de septiembre de 2023** Adecco presentó la *Moción para Poner en Vigor Acuerdo de Transacción*,[95] en la cual **insistía** que las partes habían alcanzado un Acuerdo Transaccional, pero la señora Maldonado se negaba a firmarlo, por lo que le solicitó al TPI a que ordenara a la apelante a cumplir con dicho acuerdo.[96]

**Sin que la parte apelante se expresara**, el 19 de septiembre de 2023,[97] el TPI emitió la Sentencia apelada en la que resolvió:

> El 15 de septiembre de 2023, **la parte demandada presentó** un escrito titulado "MOCIÓN SOMETIENDO MOCIÓN PARA PONER EN VIGOR ACUERDO DE TRANSACCIÓN", **informa haber llegado a un acuerdo con la parte demandante que pone fin al presente litigio, y solicita del Tribunal que imparta su aprobación a dicho acuerdo transaccional**.
> De conformidad con la doctrina establecida en los casos: Neca Mortgage Corp. vs. A & W Developers, 137 DPR 860 (1995) y Citibank v. Dependable Ins. Co., 121 DPR 503 (1988), **este Tribunal le imparte su aprobación**. En su consecuencia, se dicta sentencia CON PERJUICIO de conformidad con la misma. Se apercibe a las partes que el incumplimiento de las obligaciones acordadas dará lugar a las medidas y procedimientos, también acordados, para el caso de incumplimiento de lo pactado; más cualquier otra medida o sanción que el Tribunal pueda entender apropiada conforme el incumplimiento, circunstancias y derecho aplicable.
> Esta Sentencia se dicta sin especial imposición de costas, intereses, ni honorarios de abogados.
> REGÍSTRESE Y NOTIFÍQUESE.
> […].[98]

---

[95] Apéndice de la Oposición, págs. 49-50.
[96] Apéndice de la Oposición, págs. 51-57.
[97] Notificada el 20 de septiembre de 2023.
[98] Apéndice de la Oposición, pág. 67. Énfasis nuestro.

Nótese que el TPI <u>no</u> atendió la controversia que Adecco le solicitó en la referida *Moción para Poner en Vigor Acuerdo de Transacción.* En específico, ello se evidencia cuando en la Sentencia dictada el foro de instancia expresa que la parte apelada *"informa haber llegado a un acuerdo con la parte demandante que pone fin al presente litigio, y solicita del Tribunal que imparta su aprobación a dicho acuerdo transaccional",* razón por la cual, erróneamente le imparte su aprobación a un "acuerdo" que **no contaba ni con la aprobación ni firma de la parte apelante**. A todas luces, la apelante expresamente rechazó el acuerdo propuesto, y Adecco, procuraba que el juzgador resolviera la controversia sobre si se había perfeccionado el Acuerdo Transaccional entre las partes.

Más aun, a la fecha de dictarse la Sentencia apelada no estaba claro las partidas de pago a realizarse a la señora Maldonado y su representación legal. Esto queda demostrado en el correo electrónico enviado el **21 de septiembre de 2023** por Adecco a la parte apelante, en el cual le aneja Acuerdo Transaccional para que confirmara las referidas partidas y firmara el acuerdo:[99]

**Laurido Soto, Marcia C. (San Juan)**
Marcia.LauridoSoto@jacksonlewjs.com
21 de septiembre de 2023, 9:49
Para: Bufete Ayala Cadiz, CSP
bufeteayalacadiz@gmaii.com
Cc: Santos, Juan Felipe (San Juan)
Juan.Santost@jacksonlewis.com

*Buenos días,*
*El documento anejado fue el correo electrónico notificado por el licenciado Juan Felipe Santos, el pasado 23 de agosto de 2023, el cual se incluyó para referencia. **No obstante, la solicitud de aclaración del pago a realizarse es la mencionada en el correo electrónico notificado en el día de hoy**.*

---

[99] Apéndice de la Apelante, Exhibits X-AA. Énfasis nuestro.

> ***Agradeceré nos confirme las partidas mencionadas en el correo electrónico de hoy.***[100]

5. **En quinto orden**, a raíz de la <u>Urgente Moción para Dejar sin Efecto Sentencia y Reconsideración</u>,[101] presentada por la señora Maldonado el **29 de septiembre de 2023**, el TPI celebró una vista argumentativa **13 de septiembre de 2023** en la que ambas partes presentaron sus posturas sobre si el Acuerdo Transaccional se había perfeccionado o no.[102] Sin embargo, el **13 de febrero de 2024**,[103] el TPI emitió una Resolución en la que <u>solo</u> consideró la *Urgente Moción para Dejar sin Efecto Sentencia y Reconsideración*, presentada por la señora Maldonado. En lo pertinente, expresó:

> **Analizada la Moción Solicitando Reconsideración, según presentada, la misma se declara No Ha Lugar**. El Tribunal se sostiene en su determinación, es decir en la Sentencia promulgada el 19 de septiembre de 2023.
> […].[104]

Nótese, que dicha Resolución no hizo mención alguna ni consideró los argumentos expresados por las partes en la vista argumentativa antes citada. Además, cabe

---

[100] Énfasis nuestro. Véase además, el Apéndice de la Apelante, Exhibits X-Z, el cual se refiere al correo electrónico enviado a la apelante el mismo 21 de septiembre de 2023 por la Lcda. Laurido unos minutos antes, en el que expresaba:
*Estimados licenciados,*
*En vista de la Sentencia emitida en el día de ayer por el Tribunal de Primera Instancia, agradeceremos nos confirmen que los pagos a realizarse serán considerando un 15% honorarios de abogados a su favor. A esos efectos, los cheques serán por las siguientes cuantías:*
- *$4,250.00 a favor de Ana M. Maldonado Flores, sujeto a cualquier retención aplicable.*
- *$750.00 a favor del licenciado Iván R. Ayala Cruz, sujeto a cualquier retención aplicable.*
*Cordialmente,*
*Marcia C. Laurido Soto*
*Jackson Lewis LLC*
[101] Apéndice de la Oposición, págs. 69-77.
[102] Véase, la Minuta de la vista argumentativa presidida por el juez Pedro O. Vidal Ríos, en el Apéndice de la Oposición, págs. 95-96.
[103] Notificada el 14 de febrero de 2024.
[104] Apéndice de la Oposición, págs. 99-100.

añadir que la Resolución fue emitida por una juez que no presidió la vista argumentativa.[105]

Conforme a los hechos cinco (5) antes discutidos, en este caso el TPI **nunca** tuvo ante sí un Acuerdo Transaccional **final, escrito, aprobado y ni firmado por ninguna de las partes**. Todavía más, si bien es cierto que aquí existe una relación jurídica incierta y litigiosa, el Acuerdo de Transacción propuesto por Adecco no cumplió con la intención de los contratantes de componer el litigio y sustituir la relación dudosa por otra cierta e incontestable, ni hubo concesiones recíprocas entre las partes que lograsen poner fin a este pleito.[106]

**B.**

Un examen de los diecinueve (19) **términos y condiciones** del Acuerdo de Transacción propuesto y redactado por Adecco **(que no fueron aceptados por la parte apelante)** derrotan su argumentación de que la transacción quedó perfeccionada al momento en que aceptó la oferta monetaria de $5,000.00 (por concepto de daños y honorarios de abogados) hecha por la parte apelante.[107] De igual modo, resulta contradictorio con la Sentencia apelada. Cabe recordar que esta propuesta le fue enviada a la apelante el 21 de septiembre de 2023 como una versión final, posterior, a la notificación de la Sentencia apelada.

A manera de ejemplo, solo expondremos la **primera**, **segunda**, **tercera**, **decimoquinta**, **decimoctava** y **decimonovena** condición del propuesto Acuerdo de Transacción como evidencia expresa de que dicho contrato no quedó perfeccionado el 7 de agosto de 2023 como arguye Adecco.

---

[105] La Resolución fue emitida por la juez Estrella M. Vega Soto, quien no presidió la vista argumentativa.

[106] *Demeter International, Inc. v. Secretario de Hacienda*, 2018 TSPR 21, 199 DPR __ (2018); *Fonseca v. Hosp. HIMA*, 184 DPR 281 (2012).

[107] Véase el propuesto Acuerdo de Transacción, en el Apéndice de la Apelante, Exhibits X-O,P,Q,R,S,T,U.

La **primera** condición se está dirigida a la forma en que se presentará el desistimiento, condicionado a que la parte apelante aceptara los pagos realizados por Adecco en concepto de daños y honorarios de abogados para poner fin a este pleito:

1. **Desistimiento de la Demanda** En consideración a los pagos a ser hechos por la Compañía, como se describe en el Párrafo 2 de este Acuerdo, **la Demandante acuerda solicitar el desistimiento voluntario con perjuicio**, del caso <u>Ana M. Maldonado Flores v. Adecco Personnel Services, Inc</u>., P02023CV01237, ante el Tribunal de Primera Instancia, Sala Superior de Ponce. **Para obtener dicho desistimiento, la Demandante y/o el abogado de la demandante acuerdan presentar una moción solicitando el desistimiento con perjuicio de sus reclamaciones en la Demanda, sin imposición especial de costas ni honorarios de abogado, y donde no se hará mención de este Acuerdo**. Además, <u>la Demandante acepta presentar y suscribir cualquier formulario, documento, moción o carta que sea necesaria para obtener el desistimiento, con perjuicio, de cualquier reclamación o cargo administrativo o cargo administrativo, si alguno, pendiente ante cualquier agencia o tribunal local, estatal o federal, relacionado con los hechos alegados en la Demanda o con el empleo de la Demandante y/o cualquier hecho posterior a su renuncia voluntaria entre las Partes</u>.[108]

Nótese que el acuerdo propuesto expresa que **"la Demandante acuerda solicitar el desistimiento voluntario con perjuicio"**. Sin embargo, ello no ocurrió, pues la Sentencia apelada, en lo pertinente, expresó:

> El 15 de septiembre de 2023, **la parte demandada presentó** un escrito titulado "MOCIÓN SOMETIENDO MOCIÓN PARA PONER EN VIGOR ACUERDO DE TRANSACCIÓN", <u>informa haber llegado a un acuerdo con la parte demandante que pone fin al presente litigio, y solicita del Tribunal que imparta su aprobación a dicho acuerdo transaccional</u>.
> [...].[109]

Es decir, ni la apelante ni su abogado acordaron presentar una moción de desistimiento; y por el contrario, es Adecco la parte que presenta la *Moción para Poner en Vigor Acuerdo de Transacción.* En ese sentido, Adecco contradice la condición de no hacer mención de este acuerdo al presentar la referida moción. Tampoco se desprende del expediente que las partes hayan discutido el

---

[108] Apéndice de la Apelante, Exhibits X-O. Énfasis nuestro.
[109] Apéndice de la Oposición, pág. 67. Énfasis nuestro.

desistimiento en estos términos y condiciones, que en lo pertinente,

citamos:

> Además, <u>la Demandante acepta presentar y suscribir cualquier formulario, documento, moción o carta que sea necesaria para obtener el desistimiento, con perjuicio, de **cualquier reclamación o cargo administrativo o cargo administrativo, si alguno, pendiente ante cualquier agencia o tribunal local, estatal o federal, relacionado con los hechos alegados en la Demanda o con el empleo de la Demandante y/o cualquier hecho posterior a su renuncia voluntaria entre las Partes.**</u>[110]

Analicemos la **segunda** y **tercera** condición del propuesto

Acuerdo de Transacción relacionado a las consideraciones en que se

efectuarían las compensaciones monetarias y su ejecución:

2. **Consideración** En consideración a las disposiciones de este Acuerdo, y a tenor con sus términos, la Compañía pagará las siguientes cantidades, que normalmente no tendría que pagar y que la Demandante de otra manera no recibiría:

> c. Un pago a **Ana M. Maldonado Flores** por la cantidad de **$4,250.00** por concepto de daños, en transacción de todas las reclamaciones incluidas en la Demanda, aunque la Compañía sostiene que no ha incurrido en las violaciones alegadas.
>
> d. Un pago por concepto de honorarios de abogado, costas y gastos a nombre de **Iván R. Ayala Cruz** por la cantidad de **$750.00**. Dicho pago está sujeto a una retención de diez por ciento (10%) que se hará sobre el monto en exceso de los primeros quinientos dólares ($500) en honorarios. <u>Para realizar el pago, la Demandante y el licenciado **Iván R. Ayala Cruz** deberán proveer un formulario W9 completado y firmado</u>.

**La Compañía realizará los pagos antes descritos en el término de treinta (30) días luego de que ocurra <u>todo</u> lo siguiente: 1)** <u>la Compañía reciba el original de este Acuerdo, firmado por la Demandante y su abogado</u>; **2)** <u>se presente ante el Tribunal la moción de desistimiento voluntario con perjuicio, según descrita en el Párrafo 1 de este Acuerdo</u>; y **3)** <u>la Compañía recibía completado el formulario W-9 de la Demandante y su abogado.</u>[111]

La Compañía no hace representación alguna en cuanto al trato contributivo de los montos pagados a la Demandante. **La Demandante acuerda pagar los impuestos federales o locales, si alguno, que la ley exige que se paguen con respecto a esta transacción.** Además, **la Demandante acepta indemnizar a la Compañía y eximirla de cualesquiera intereses, impuestos o penalidades impuestos en su contra por cualquier agencia gubernamental como resultado de la falta de pago de contribuciones sobre cualquier cantidad pagada a la Demandante o a su abogado bajo los términos de este**

---

[110] Apéndice de la Apelante, Exhibits X-O. Énfasis nuestro.
[111] Énfasis nuestro.

**Acuerdo**. En caso de que la Demandante desee impugnar las retenciones o notificaciones hechas por la Compañía, llevarán a cabo dicha impugnación requiriendo restitución y/o reintegro exclusivamente de la agencia federal y/o estatal para la cual se retuvo, y se compromete a no incluir a la Compañía como parte demandada en cualquier procedimiento que se lleve a cabo para dicho propósito.[112]

3. **No Consideración en Ausencia de la Ejecución de este Acuerdo** La Demandante acuerda y entiende que no recibirá la consideración provista en el Párrafo 2, **excepto por la firma de la Demandante de este Acuerdo** y el cumplimiento con las promesas aquí dispuesta. **La Demandante reconoce y acuerda que la cantidad a ser pagada a la Demandante constituye una compensación razonable y una consideración válida por la ejecución de este Acuerdo**. La Demandante reconoce que no tiene derecho a solicitar suma adicional alguna de la Compañía con respecto a la Demanda, a su empleo y cualquiera de los hechos alegados en su Demanda.[113]

En esta parte, cabe recordar el correo electrónico del 7 de agosto de 2023 que Adecco le envió a la representación legal de la apelante aceptando la contraoferta de $5,000.00. Evento que Adecco toma como el perfeccionamiento del propuesto Acuerdo de Transacción. En lo pertinente, expresó:

*Buenos días.* ***Mi cliente me ha autorizado a aceptar la oferta. Cuántos cheques hay que hacer y por cuánto las cantidades? Voy a preparar el acuerdo de transacción*** *y a pedir una prórroga de 10 días en lo que finalizamos este asunto. Saludos.[114]*

De primera impresión, lo antes citado podría erróneamente interpretarse por una persona lega en el campo del derecho como un contrato final en el cual solo falta hacer los cheques con los respectivos pagos y preparar un sencillo acuerdo entre las partes. Nada más lejos de la realidad. La **segunda** condición del Acuerdo de Transacción preparado por Adecco contenía, entre otras, tres condiciones (3) que supeditaban el pago ofrecido:

**La Compañía realizará los pagos antes descritos en el término de treinta (30) días luego de que ocurra todo lo siguiente: 1)** la Compañía reciba el original de este Acuerdo, firmado por la Demandante y su abogado; **2)** se presente ante el Tribunal la moción de desistimiento voluntario con perjuicio, según descrita en el Párrafo 1 de este Acuerdo; y

---

[112] Apéndice de la Apelante, Exhibits X-O,P. Énfasis nuestro.
[113] Apéndice de la Apelante, Exhibits X-P. Énfasis nuestro.
[114] Apéndice de la Apelante, Exhibits X-K. Énfasis nuestro.

**3)** la Compañía recibía completado el formulario W-9 de la Demandante y su abogado.[115]

Tampoco se discutió el trato contributivo de los montos pagados a la apelante, que consistían en las siguientes condiciones:

> **La Demandante acuerda pagar los impuestos federales o locales, si alguno, que la ley exige que se paguen con respecto a esta transacción**. **Además**, **la Demandante acepta indemnizar a la Compañía y eximirla de cualesquiera intereses, impuestos o penalidades impuestos en su contra por cualquier agencia gubernamental como resultado de la falta de pago de contribuciones sobre cualquier cantidad pagada a la Demandante o a su abogado bajo los términos de este Acuerdo**. En caso de que la Demandante desee impugnar las retenciones o notificaciones hechas por la Compañía, llevarán a cabo dicha impugnación requiriendo restitución y/o reintegro exclusivamente de la agencia federal y/o estatal para la cual se retuvo, y se compromete a no incluir a la Compañía como parte demandada en cualquier procedimiento que se lleve a cabo para dicho propósito.[116]

Todavía más, la **tercera** condición contradice expresamente a Adecco al disponer que la parte apelante no recibiría el pago de **$4,250.00** por concepto de daños y **$750.00** en honorarios, **(que habían sido rechazados por la señora Maldonado)**, a menos que **firmara**, **reconociera** y **acordara** que ello constituía una compensación **razonable** y una consideración **válida** por la ejecución de ese acuerdo:

> La Demandante acuerda y entiende que no recibirá la consideración provista en el Párrafo 2, **excepto por la firma de la Demandante de este Acuerdo** y el cumplimiento con las promesas aquí dispuesta. **La Demandante reconoce y acuerda que la cantidad a ser pagada a la Demandante constituye una compensación razonable y una consideración válida por la ejecución de este Acuerdo**. La Demandante reconoce que no tiene derecho a solicitar suma adicional alguna de la Compañía con respecto a la Demanda, a su empleo y cualquiera de los hechos alegados en su Demanda.[117]

Es decir, se condiciona el pago, a la **firma**, **reconocimiento** y **acuerdo** de la apelante, lo que derrota el argumento de Adecco de que la transacción se había perfeccionado para la fecha del 7 de agosto de 2023.

---

[115] Apéndice de la Apelante, Exhibits X-O,P. Énfasis nuestro.
[116] *Ídem.* Énfasis nuestro.
[117] Apéndice de la Apelante, Exhibits X-P. Énfasis nuestro.

Más aún, la **decimoquinta**, **decimoctava** y **decimonovena** condición del propuesto Acuerdo Transaccional abonan a lo antes dicho. Analicémoslas conjuntamente:

15. <u>**Asesoramiento Legal**</u> **La Demandante representa y reconoce que ha discutido todos y cada uno de los aspectos de este Acuerdo con su abogado, y** <u>además representa y reconoce que la Demandante ha</u> **leído cuidadosamente** <u>y comprende por completo cada uno de los términos de este Acuerdo y que</u> **la Demandante no ha descansado en ninguna declaración hecha por la Compañía o sus agentes o abogados con respecto a cualquier aspecto de este Acuerdo**, <u>y que la Demandante</u> **suscribe** <u>este Acuerdo</u> **voluntariamente**.[118]
   […]

18. <u>**Acuerdo Total**</u> **Este Acuerdo establece el acuerdo entero entre las Partes comparecientes** <u>**y reemplaza por completo cualquier acuerdo previo o entendimiento entre las Partes con relación a los asuntos discutidos aquí.**</u> **La Demandante acuerda que ella no descansó en ninguna representación al firmar este Acuerdo excepto aquellas específicamente mencionadas en él**. Todo otro acuerdo entre las Partes, incluyendo cualquier acuerdo de arbitraje y acuerdo de no-divulgación firmado por la Demandante como parte de su contratación o empleo con la Compañía permanece en pleno vigor.[119]

19. <u>**Contrapartes**</u> Este acuerdo puede ser **firmado** en contrapartes, cada una de las cuales se considerará una copia original y cada una de ellas constituirá en conjunto un solo mismo acuerdo. **Un facsímil o una copia en formato pdf de este Acuerdo será tan válido como el original y tendrá completo y entero vigor. Firmas electrónicas tendrán el mismo efecto y vigor que firmas por escrito**.[120]

En palabras sencillas, la condición **decimoquinta** resulta en un completo contrasentido con la *Moción para Poner en Vigor Acuerdo de Transacción*,[121] presentada por Adecco, en la cual alegó que las partes habían alcanzado un acuerdo transaccional, pero la apelante se negaba a firmarlo, por lo que le solicitó al TPI a que ordenara a la parte apelante a cumplir con dicho acuerdo;[122] orden, que derrota la voluntariedad de la apelante para suscribir el mismo.

---

[118] Apéndice de la Apelante, Exhibits X-T. Énfasis nuestro.
[119] Apéndice de la Apelante, Exhibits X-U. Énfasis nuestro.
[120] *Ídem*. Énfasis nuestro.
[121] Apéndice de la Oposición, págs. 49-50.
[122] Apéndice de la Oposición, págs. 51-57.

Peor aún, la condición **decimoctava** dispone expresamente que **"*[e]ste Acuerdo establece el acuerdo entero entre las Partes comparecientes <u>y reemplaza por completo cualquier acuerdo previo o entendimiento entre las Partes con relación a los asuntos discutidos aquí</u>. La Demandante acuerda que ella no descansó en ninguna representación al firmar este Acuerdo excepto aquellas específicamente mencionadas en él."** Con lo cual, esta condición permite a la apelante a rechazar, como lo hizo, el pago de **$4,250.00** por concepto de daños y **$750.00** en honorarios de abogados, acordado con Adecco el 7 de agosto de 2023.

Como si lo antes dicho fuera poco, la condición **decimonovena** requiere las firmas de las partes para **validar** el Acuerdo de Transacción propuesto por Adecco. Es decir, mientras no sea firmado por ambas partes, el mismo no cobra validez.

En fin, conforme a las diecinueve (19) condiciones del Acuerdo Transaccional propuesto por Adecco, resulta **imposible** que para el 7 de agosto de 2023 estuviera perfeccionado.

En definitiva, resolvemos **revocar** la Sentencia apelada y ordenar la continuación de los procesos en este caso, conforme con lo aquí resuelto.

**-IV-**

Por los fundamentos antes expuestos, se revoca la Sentencia apelada y se ordena al TPI a continuar con los procesos en este caso, conforme a lo aquí intimado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones